FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 MAY 19 AM 11: 15

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

MARY GRIMES,

    Plaintiff,

vs.

CASE NO.:

6:17-CV-903-ORL-37-DCI

ROBO ENTERPRISES, INC. d/b/a
BARE ASSETS, a Florida Profit
Corporation,

    Defendant.    /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MARY GRIMES, ("Plaintiff"), was an employee of Defendant, ROBO ENTERPRISES, INC. d/b/a BARE ASSETS, ("ASSETS" or "Defendant"), and brings this action for unpaid minimum wages, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and Article X, Section 24 of the Florida Constitution.

### JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, other relief under Article X, Section 24 of the Florida Constitution and reasonable attorney's fees and costs.

2.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3.    At all times material hereto, Plaintiff was a resident of Brevard County,

1

Florida.

4. Defendant, ASSETS, conducts business in, among others, Brevard County, Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

5. Defendant, a Florida Profit Company, is in the business of operating an adult entertainment night club located at 4020 West New Heaven Avenue, Melbourne, Florida 32904. *See* Defendant's website, *available at* http://www.bareassetsmelbourne.com.

6. The Plaintiff in this action worked for Defendant as an exotic "dancer" and/or "entertainer" from on or around February 2008 to January 2014.

## COVERAGE

7. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

8. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

9. At all material times, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or

b. Engaged in the production of goods for commerce; or

c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. cash registers, dishware, glassware, and/or office supplies).

11. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## GENERAL ALLEGATIONS

12. Defendant operates an adult entertainment night club.

13. Plaintiff performed duties as an exotic "dancer" and/or "entertainer" for Defendant from on or around February 2008 to January 2014.

14. Defendant required and/or permitted Plaintiff to work as an exotic "dancer" and/or "entertainer", but refused to compensate Plaintiff a direct wage for any of the hours worked by her.

15. As a result, Plaintiff did not earn the statutory minimum wage for all hours worked per workweek.

16. Plaintiff's only compensation was in the form of tips from club patrons.

17. Defendant has a longstanding policy of improperly classifying its exotic "dancers" and/or "entertainers" as independent contractors.

18. Defendant had the power to hire and fire Plaintiff.

19. Defendant hired Plaintiff to work as an exotic "dancer" and/or "entertainer."

20. Plaintiff completed and submitted to Defendant an application for work as required by Defendant.

3

21. Defendant controlled the details of Plaintiff's job, requiring her to perform stage dances, setting the prices to charge customers for dances and imposing rules on how Plaintiff was to interact with Defendant's customers.

22. Defendant controlled Plaintiff's work schedule.

23. Defendant required Plaintiff to work a certain number of hours per shift.

24. Defendant required Plaintiff to dance on stage.

25. Defendant required Plaintiff to sell various dance packages to Defendant's customers.

26. Defendant directed and/or controlled the type of clothing to be worn by Plaintiff while at work.

27. Defendant required Plaintiff to fraternize with Defendant's patrons.

28. Defendant implemented a rule wherein Plaintiff and other dancers/entertainers would be charged a monetary fine if she/they arrived late or left early for a shift.

29. Defendant disciplined Plaintiff and other dancers/entertainers for not following club rules.

30. Defendant set the price for its customers to pay Plaintiff for dances.

31. Defendant required Plaintiff to pay "house fees" which varied depending on Plaintiff's arrival time.

32. Defendants' practice of requiring Plaintiff and Class Members to pay house fees and late fees from their tips was for reasons outside of the permissible scope of 29 C.F.R. §531.52.

33. Plaintiff was required to tip out certain workers at the end of her shift,

including, but not limited to, the disc jockey ("DJ") and security guards/bouncers.

34. Defendant's practice of requiring Plaintiff to share tips with traditionally non-tipped employees, including bouncers and DJs was for reasons outside of the permissible scope of 29 C.F.R. §531.52.

35. Entertainers and dancers, like Plaintiff, are an integral part of Defendant's business.

36. Plaintiff's job duties consisted of dancing in designated areas and performing dances for Defendant's patrons, which required little to no skill.

37. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper minimum wage compensation to Plaintiff.

38. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

39. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

40. Defendant failed to maintain proper time records as mandated by law.

41. Defendant failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## COUNT I - RECOVERY OF MINIMUM WAGES (FEDERAL)

42. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-42 above.

5

43. Plaintiff was entitled to be paid the full minimum wage for all hours worked per week during her employment with Defendant.

44. Defendant improperly classified Plaintiff as an independent contractor.

45. Defendant failed to pay Plaintiff any direct wage for each of her hours worked.

46. As a result, Plaintiff was not paid at least the statutory minimum wage rate for all hours worked per workweek.

47. As a result, Defendant violated FLSA's provision on minimum wages (29 U.S.C. §206) in that Plaintiff has not been paid the minimum wage per week for work performed on Defendant's behalf.

48. Plaintiff should have earned at least the statutory minimum wage per week.

49. Plaintiff was entitled to receive the applicable statutory Florida minimum wage rate per week worked during her employment with Defendant pursuant to 29 C.F.R. 778.5.

50. As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiff has been damaged in the loss of minimum wages, plus incurring reasonable attorneys' fees and costs.

51. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff her minimum wages.

52. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

53. As a result of Defendant's intentional, willful and unlawful acts in

refusing to pay Plaintiff her proper minimum wages during one or more work weeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

54. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

55. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant;

  a. Awarding Plaintiff her unpaid minimum wages as allowable under the FLSA statute of limitations period;

  b. Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

  c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

  d. Ordering any other further relief the Court deems just and proper.

## COUNT II - RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)

56. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-42 above.

57. Plaintiff was entitled to be paid the full minimum wage for all hours worked per workweek.

58. Defendant improperly classified Plaintiff as an independent contractor and failed to provide her with a direct wage of at least the statutory minimum wage for all hours worked in a workweek.

59. As a result, Plaintiff has not been paid the statutory minimum wage for each hour worked on a workweek basis.

60. Defendant willfully failed to pay Plaintiff the statutory minimum wage during the subject period of work contrary to Article X, Section 24 of the Florida Constitution.

66. As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiff has been damaged in the loss of minimum wages for the subject weeks that she worked for the Defendant.

67. As a result of Defendant's willful violation of the Florida Constitution, Plaintiff is entitled to liquidated damages and reasonable attorneys' fees and costs.

68. Plaintiff complied with any and all requirements prior to the filing of this Complaint for Florida minimum wages. Specifically, on March 7, 2017, Plaintiff served Defendant with a Notice pursuant to Fla. Stats. § 448.110.

69. More than 15 days have elapsed since Plaintiff's service of her Notice on Defendant, and Defendant has failed to make payment to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant;

    a. Awarding Plaintiff her unpaid minimum wages as allowable under the Florida Constitution's statute of limitations period;

    b. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

    c. Awarding reasonable attorney's fees and costs and expenses of the

litigation; and

d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: 5/17/17 .

Respectfully submitted by,

KIMBERLY De ARCANGELIS, ESQ.
Bar No.: 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: KimD@forthepeople.com
Trial Attorneys for Plaintiff